IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**STATE OF TENNESSEE v. CURTIS SCOTT HARPER**

**Criminal Court for Knox County**
**No. 99747**

_____

**No. E2014-01077-CCA-R3-CD – Filed November 3, 2015**

_____


JOHN EVERETT WILLIAMS, J., concurring.

I believe that the majority opinion provided an excellent discussion of the photographs and subsequent legal analysis of their admissibility; I write separately only to amplify the gruesome and appalling nature of the photographs. "Surely, there is a line between admitting a photograph which is of some help to the jury in solving the facts of the case and one which is of no value other than to inflame the minds of the jurors. That line was crossed in this case." *People v. Burns*, 241 P.2d 308, 319 (Cal. Dist. Ct. App. 1952). The photographs in this case were, without a doubt, the most grotesque, horrifying, and unnecessary photographs that I have viewed in 17 years on this court. These photographs served no purpose other than "to arouse passion and shock at the sight of a gory event." *Clark v. Com.*, 833 S.W.2d 793, 794-95 (Ky. 1991). As the majority opinion correctly concludes, the State was more than able to present a compelling case for conviction without the addition of the grisly autopsy and crime scene photographs. The photographs were overwhelmingly prejudicial to the defendant, and the gruesome nature and sheer volume of the photographs comes close to indicating a lack of respect for the victims themselves. A combination of overzealous prosecuting and weak gatekeeping by the trial court can result in an unfair trial for a defendant. That is precisely what happened in this case. The trial court repeatedly expressed apprehension about the admission of the photographs. The trial court should have stood firm in its concerns and warnings and prevented the prosecutor's overzealous prosecution of the defendant. The failure to do so requires a remand and a new trial in this case. I am authorized by Judge Norma McGee Ogle to say she also joins in this concurring opinion.

_____
JOHN EVERETT WILLIAMS, JUDGE